**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEVE BEWARD,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:26-2167** |
| **v.** | : | **(JUDGE MANNION)** |
| **MIFFLIN COUNTY, *et al.*,** | : | |
| **Respondents** | : | |

## MEMORANDUM

Currently before the Court is *pro se* Petitioner Steve Beward ("Beward")'s petition for a writ of habeas corpus under 28 U.S.C. §2254. For the reasons stated below, the Court will dismiss the petition without prejudice due to Beward's failure to exhaust his state-court remedies.

## I. BACKGROUND

On May 21, 2020, Beward was sentenced in the Court of Common Pleas of Mifflin County to an aggregate period of state incarceration for a minimum of eighteen months to a maximum of thirty-six months, to be followed by three years of state probation, after pleading guilty to corruption of minors – course of conduct (18 Pa. C.S. §6301(a)(1)(ii)) and indecent assault – victim less than thirteen years of age (18 Pa. C.S. §3126(a)(7)). *See* (Doc. 1 at 1); Docket, *Commonwealth v. Beward*, No. CP-44-CR-551-

2019 (Mifflin Cnty. Ct. Com. Pl.) ("CCP Dkt.").[1] Along with his sentence, the Court of Common Pleas determined that he was a Tier III sex offender and, as such, subject to lifetime registration under Pennsylvania's Sex Offender Registration and Notification Act, 42 Pa. C.S. §9799.10, *et seq.* ("SORNA"), which replaced Megan's Law. *See* (Doc. 1 at 5); *Commonwealth v. Arnett*, 353 A.3d 705, 707 (Pa. 2026) (discussing history of SORNA and Megan's Law in Pennsylvania). Beward never appealed or collaterally attacked his judgment of sentence or sexual offender designation. *See* CCP Dkt.[2]

---

[1] The Court takes judicial notice of the docket entries in Beward's underlying state-court criminal case. *See Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) (unpublished) ("We may take judicial notice of the contents of another Court's docket."); *Mickell v. Lycoming Cnty. Cent. Collections Off. & Admin.*, 821 F. App'x 74, 75 (3d Cir. 2020) (unpublished) (taking judicial notice of Court of Common Pleas criminal docket); *Wilson v. McVey*, 579 F. Supp. 2d 685, 688 n.5 (M.D. Pa. 2008) (taking judicial notice of court docket). These dockets are publicly accessible through the Unified Judicial System of Pennsylvania Web Portal (https://ujsportal.pacourts.us/CaseSearch) (the "Portal"). *See Zedonis v. Lynch*, 233 F. Supp. 3d 417, 422 (M.D. Pa. 2017) ("Pennsylvania's Unified Judicial System provides online access to the docket sheets for criminal cases, and this Court may take judicial notice of those public dockets." (citations omitted)).

[2] It appears that Beward, who is currently incarcerated at Pennsylvania State Correctional Institution Greene, pleaded guilty to failing to register as a sex offender with the Pennsylvania State Police (18 Pa. C.S. §4915.2(a)(1)) and was sentenced to a period of state confinement of a *(footnote continued on next page)*

Beward then commenced the instant action by filing his Section 2254 petition, which the Clerk of Court docketed (along with the filing fee) on July 31, 2026. (Doc. 1.) In his petition, Beward asserts that his Tier III sexual offender registration violates his rights under the Eighth Amendment to the United States Constitution. *See* (*id.* at 5). He further asserts that:

> The fact I was given Tier III Megan's Law Registration, to where I have to [r]egister for the [r]est of my [l]ife is [c]ruel and unusual [p]unishment and [v]iolates my 8th Amendment [r]ight which protects me against [c]ruel and unusual punishment. The fact that I have to [p]ut my [p]ersonal [i]nformation, [m]y address, my [p]lace of [e]mployment out there for everyone to see, that [p]uts my safety at [r]isk [b]ecause any [c]ivilian [c]an [l]ook up my address and [c]an [c]ome try to [h]urt me. My [p]ersonal [i]nformation should only [b]e available to [l]aw enforcement only. So [m]y [r]egistration [r]equirements violate my 8th Amendment [r]ights.

(*Id.*) For relief, Beward seeks an Order reducing his sex offender registration from Tier III to either Tier II or I, as well as the duration of his registration from lifetime registration to ten or fifteen years. *See* (*id.* at 14).

Beward acknowledges that he failed to exhaust his state-court remedies prior to filing his petition; however, he claims that he "did not know

---

minimum of eighteen months to a maximum of thirty-six months on May 13, 2025. *See* Docket, *Commonwealth v. Beward*, No. CP-44-CR-707-2024 (Mifflin Cnty. Ct. Com. Pl.). Beward did not file a direct appeal or petition for post-conviction collateral relief from his conviction or sentence.

[he] was allowed to appeal and . . . didn't know how to exhaust [his] state [r]emedies." (*Id.*) He also argues that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")'s one-year statute of limitations does not bar his Section 2254 petition because he is challenging the legality of his sentence and raises a claim for an Eighth Amendment violation. *See* (*id.* at 13).

## II. STANDARDS OF REVIEW

### A. Screening of Section 2254 Habeas Petitions

District courts are tasked with conducting a preliminary review of Section 2254 habeas petitions. *See* R. 4, 28 U.S.C. foll. § 2254 ("The clerk must promptly forward the [habeas] petition to a judge under the court's assignment procedure, and the judge must promptly examine it."). When conducting this review, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *Id.*

### B. Section 2254 Habeas Petitions

A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the "very fact or duration" of their confinement

and seeking "immediate release or a speedier release from that imprisonment." *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *Leamer v. Fauver*, 288 F.3d 532, 542–44 (3d Cir. 2002). A district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that [they are] in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Claimed violations of state law, standing alone, will not entitle a petitioner to relief, absent a showing that those violations are so great as to be of a constitutional dimension. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

### C. Exhaustion of State Remedies and Procedural Default

Absent unusual circumstances, a federal court should not entertain a petition for writ of habeas corpus, unless the petitioner has first satisfied the statutory exhaustion requirement providing that habeas relief "shall not be granted unless it appears that . . . the applicant has exhausted the remedies

available in the courts of the State." 28 U.S.C. §2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971).

Section 2254 codifies this principle by requiring that a habeas petitioner exhaust the remedies available in the courts of the State, *see* 28 U.S.C. §2254(b)(1)(A), meaning a state prisoner must "fairly present" their claims in "one complete round of the state's established appellate review process," before bringing them in federal court. *O'Sullivan*, 526 U.S. at 845 (stating that "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established review process"). This requires that the claim brought in federal court be the substantial equivalent of that presented to the state courts. *See Picard*, 404 U.S. at 278 ("[T]he substance of a federal habeas corpus claim must first be

presented to the state courts."); *see also McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999) (holding that petitioner must present both "factual and legal substance" of claim to state courts). Mere reliance of state and federal claims on the same constitutional provision does not render the two claims substantially equivalent. *See Brown v. Cuyler*, 669 F.2d 155 (3d Cir. 1982); *Zicarelli v. Gray*, 543 F.2d 466 (3d Cir. 1976). Instead, both the legal theory and the underlying facts must have been presented to the state courts. *See Picard*, 404 U.S. at 277; *Brown*, 669 F.2d at 158–61.

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" *McCandless*, 172 F.3d at 260 (quoting 28 U.S.C. §2254(b)). Nevertheless, Section 2254 habeas petitioners "are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse [their] default." *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To demonstrate "cause" for a procedural default, a petitioner must point to some objective external

factor which impeded their efforts to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Prejudice" will be satisfied only if the petitioner can demonstrate that the outcome of the state proceeding was "unreliable or fundamentally unfair" as a result of a violation of federal law. *Lockhart v. Fretwell*, 506 U.S. 364, 366 (1993).

Alternatively, if a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim to prevent a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339–40 (3d Cir. 2004).

## III. DISCUSSION

### A. Screening of Beward's Section 2254 Petition

After reviewing Beward's Section 2254 petition, it plainly appears that the Court should dismiss the petition without prejudice due to his acknowledged failure to exhaust his state-court remedies as to the sole claim in his petition. *See* (Doc. 1 at 5). It also appears that Beward has procedurally defaulted this claim because he can no longer file a direct appeal from his judgment of sentence or raise the claim through a petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. §§9541-46 ("PCRA"). *See* Pa. R.A.P. 903(a) ("In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court."); *Commonwealth v. Thorne*, 276 A.3d 1192, 1194 (Pa. 2022) (concluding that constitutional challenges to SORNA (including its lifetime registration requirements) implicate the legality of a sentence and cannot be waived); *Commonwealth v. Greer*, No. 1514 EDA 2025, 2026 WL 1048362, at *2 (Pa. Super. Ct. Apr. 17, 2026) (explaining that "a reviewing court does not have jurisdiction [under the PCRA] to consider a legality of sentence claim raised in an untimely PCRA petition[, and, t]herefore, a collateral claim regarding the legality of a

sentence can be lost for failure to raise it in a timely manner under the PCRA" (citations and internal quotation marks omitted)). Thus, the Court may only consider Beward's habeas claim if he can show cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default. *See McCandless*, 172 F.3d at 260.

Beward does not attempt to show that a fundamental miscarriage of justice excuses his procedural default; rather, his only identified excuse is his ignorance of the law, *see* (Doc. 1 at 5), which does not constitute cause to excuse his procedural default. *See Jones v. Mackey*, No. 25-3043, 2025 WL 2062213, at *4 (6th Cir. July 15, 2025) (unpublished) ("[A] petitioner's pro se status, limited access to a prison law library, and ignorance of the law do not constitute cause sufficient to excuse a procedural default." (citing *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (per curiam))), *cert. denied sub nom. Jones v. Reynolds*, 146 S. Ct. 1646 (2026); *Hays v. Klauser*, No. 95-35243, *1 (9th Cir. Apr. 14, 1994) (unpublished) ("We are well aware of the difficulties facing most pro se petitioners, but a lack of legal assistance and ignorance of the law does not establish sufficient cause to excuse a procedural default." (citing *Hughes v. Idaho St. Bd. of Corr.*, 800 F.2d 905, 909 (9th Cir. 1986) and *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir.

1988))); *Russell v. Walker*, No. 23-cv-879, 2026 WL 1882720, at *5 (W.D. Pa. June 30, 2026) ("[A]ny alleged ignorance of the law does not excuse procedural default." (citations omitted)); *Robinson v. Earley*, No. 25-cv-10361, 2026 WL 2011224, at *8 (D.S.C. June 12, 2026) ("[C]ourts have found that ignorance of the applicable law or rules and procedures will not excuse the procedural default of a claim." (citing cases)), *report and recommendation adopted sub nom. Robinson v. Earley*, 2026 WL 2010334 (D.S.C. July 10, 2026). Therefore, the Court will dismiss Beward's habeas claim because there is no basis upon which to excuse his procedural default.

**B. Certificate of Appealability**

"Unless a circuit justice or judge issues a certificate of appealability [("COA")], an appeal may not be taken to the court of appeals from . . . the final order in a habeas proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. §2253(c)(1)(A). A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2). When deciding whether to issue a COA after a dismissal on procedural grounds, the Court applies the following standard:

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional

> claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling . . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, jurists of reason would not find the disposition of this case debatable, *i.e.*, that Beward's habeas claim is unexhausted and procedurally defaulted. Accordingly, the Court will not issue a COA in this case.

## IV. CONCLUSION

For the reasons discussed above, the Court will dismiss Beward's Section 2254 habeas petition, decline to issue a COA, and direct the Clerk of Court to close this case. An appropriate Order follows.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 8/17/26
26-2167-01